# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 2:09CR00008 |
| v. | ) | **OPINION** |
| | ) | |
| **CHRISTOPHER ALLEN COATES**, | ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

In this Opinion, I explain the reasons for the sentence imposed on the defendant.

The defendant, Christopher Allen Coates, pleaded guilty to knowingly and wilfully mailing a letter threatening to kill the President, in violation of 18 U.S.C.A. 871(a) (West 2000) (Count One) and mailing a threat to kill the warden of a state prison and his wife and children, in violation of 18 U.S.C.A. 876(a) (West Supp. 2009) (Count Five). Other counts, charging threats against the President's family, were dismissed by the government pursuant to a written Plea Agreement. The facts show that on March 2, 2009, Coates mailed a letter from a state prison, where he was an inmate, stating that he would kill President Obama and rape and kill his wife and

daughters.  The letter included racial slurs and was smeared with the defendant's blood.  He made similar threats in a letter mailed that day concerning the prison warden and his wife and children.

In preparing for sentencing, a probation officer of this court prepared a Presentence Investigation Report ("PSR"), in which the defendant's sentencing range under the advisory Sentencing Guidelines was calculated.  The parties filed no objections to that calculation.  Coates was scored with a Total Offense Level of 17 and a Criminal History Category of VI, which translated into a sentencing range of 51 to 63 months imprisonment.

In the PSR, the probation officer suggested that there were grounds for an upward variance in Coates' case, "in order to protect the public from further crimes by the defendant, to reflect the seriousness of the crime and to provide just punishment for the offense."  (PSR ¶ 101.)  The government has similarly requested the court to impose a sentence above the guideline range.  The defendant requests a sentence within the advisory guideline range, based on the defendant's past difficult family history and mental health problems.

While the court must begin the sentencing process by "correctly calculating the applicable Guidelines range," *Gall v. United States*, 552 U.S. 38, 49 (2007), the court may reject a sentence within the range "because a sentence within the Guidelines fails

to reflect the other [18 U.S.C.] § 3553(a) factors or 'because the case warrants a different sentence regardless.'" *United States v. Evans*, 526 F.3d 155, 161 (4th Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 351 (2007)).

In imposing a sentence, the court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as

> the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2009). The Fourth Circuit has characterized these statutory purposes in summary form as follows: to <u>punish</u> the defendant, to <u>deter</u> him and others from future crimes, to <u>incapacitate</u> the defendant in order to protect the public, and to <u>rehabilitate</u> the defendant. *United States v. Raby*, 575 F.3d 376, 380 (4th Cir. 2009). The court is required to impose a sentence "sufficient, but not greater than necessary," to comply with these purposes. 18 U.S.C.A. § 3553(a).

The court must explain the reasons for its sentence, regardless of whether the sentence is above, below, or within the advisory guideline range. *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009). This explanation must contain an

"'individualized assessment'" based on the particular facts of the case before [the court]." *Id.* (quoting *Gall*, 552 U.S. at 50). Moreover, "a major departure [from the guidelines] should be supported by a more significant justification than a minor one." *Gall*, 552 U.S. at 50.

I find that a sentence within the advisory guideline range in this case does not reflect the 3553(a) factors and the circumstances warrant a different sentence.[1]

To put it mildly, Coates is a dangerous and troubled individual. He is 29 years old, and has been incarcerated with the Virginia Department of Corrections ("VDOC") since age 15, after he was convicted of an aggravated sexual battery against his three-year-old sister. His violent behavior began even earlier. He was physically abusive towards his teachers and beginning at age seven, he tortured and killed animals.

In 1999, while incarcerated at a state mental facility, he assaulted a nurse, resulting in her injury. In 2000, he was convicted of malicious wounding, after an assault on another inmate. He was also convicted of another malicious wounding and another assault and battery while in prison. He has amassed 133 disciplinary

---

[1] The court must "state in open court" its reasons for the sentence, 18 U.S.C.A. § 3553(c) (West Supp. 2009), and I recited these reasons orally at the defendant's sentencing.

sanctions while in state facilities, most of which involved violent behavior, including physical assaults, threats, and possession of weapons.

Coates has engaged in numerous acts of self-mutilation while in prison, resulting in a number of psychiatric evaluations. He has always been found competent and not suffering from any psychosis. Coates has admitted to examiners that his bizarre acts of self-harm, which included ingesting electronic parts and smearing feces on an open wound, are in response to problems with prison staff and that he enjoys going to hospitals and receiving treatment.

Coates has used illegal drugs since age 12, continuing when they are available in prison or in hospitals. He has associated with racist inmates, and has "white pride" tattoos. He has no vocational training and has never been employed.

In Coates' state psychiatric admission in 2007 (his seventh since 1999), the medical director and chief psychiatrist noted that Coates had only two years left to serve on his state sentence and stated the following:

> This man has demonstrated no intentions or motivation to change. It is "his way or no way". He is a prevaricator and obfuscator *par excellence*. He is considered to be extremely dangerous and cannot be trusted at all. He should never be placed in a cell with another inmate and it is recommended that his cell and personal property be searched on a very frequent basis. He should not be permitted to have items such as a radio or other equipment in his cell, nor should he be permitted a razor at any time.

> It is regrettable state of affairs because it is highly unlikely he is going to change for the better over the next two years and he will be released to the community probably worse than when he came in. HE KNOWS EXACTLY WHAT HE IS DOING AND HIS BEHAVIOUR IS IN NO WAY RELATED TO ANY PSYCHOTIC PROCESS PAST OR PRESENT. HE IS A DANGEROUS PSYCHOPATH.

(VDOC, Discharge Summary, Nov. 26, 2007, at 2.)

After being charged with the present offenses, Coates was committed to the Federal Bureau of Prisons ("BOP") for a psychiatric evaluation. That evaluation found him competent and diagnosed him with Antisocial Personality Disorder.[2] The evaluators opined that Coates' "severe character pathology may benefit from intensive, long-term, residential treatment in a secure facility. . . ." (BOP, Forensic Report, Sept. 20, 2009, at 13.)

I believe that a sentence above the guideline range is necessary in order to incapacitate the defendant to better protect the public from his future conduct. Moreover, I find that a sentence longer than the guideline range is necessary to deter the defendant from further misconduct while he is incarcerated. A longer sentence will also further the defendant's possible rehabilitation, by allowing long-term treatment in a secure facility. Finally, enhanced punishment will reflect the

---

[2] Antisocial Personality Disorder is also referred to as psychopathic or sociopathic personality. Am. Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* (4th ed. 1994) 645.

seriousness of his present crimes, made more so by their graphic, vulgar, and racist nature.

The defendant's mother testified that she would welcome the defendant back into her home and provide him with care because she has seen no "positive changes" in him over the years that he has been incarcerated. Unfortunately, Mrs. Coates is not qualified to provide the defendant with any meaningful treatment for his severe character disorder.

For these reasons, an appropriate sentence in the case is imprisonment for 120 months, the maximum permitted by statute.

DATED: February 17, 2010

/s/ JAMES P. JONES
Chief United States District Judge