# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 2:09CR00008 |
| v. ) | OPINION |
| ) | |
| CHRISTOPHER ALLEN COATES, ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Christopher Allen Coates, Pro Se Defendant.*

The defendant, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Upon review of the record, I find that the motion is untimely and will accordingly dismiss it.

I

Christopher Allen Coates pleaded guilty on December 16, 2009, to mailing a letter containing a threat to kill the President of the United States, in violation of 18 U.S.C. § 871(a)(1), and mailing a letter containing a threat to injure another person, in violation of 18 U.S.C. § 876(c). In exchange for his plea, the government moved to dismiss three other charges. I found that Coates' conduct and background warranted a sentence above the advisory guideline range and sentenced him to 60 months in prison on each conviction, with the sentences to be

served consecutive to each other and to any previously imposed sentence. On March 9, 2010, I entered an Amended Judgment to correct a typographical error. Coates appealed, and the United States Court of Appeals for the Fourth Circuit dismissed his appeal by order dated April 13, 2011. He did not pursue a petition for a writ of certiorari in the United States Supreme Court.

Coates signed and dated his § 2255 motion on December 17, 2013. In the instant motion, he contends that his conviction should be overturned and he should be released from prison, because he was sick and under the influence of mind-altering medication at the time he signed the Plea Agreement and his attorney provided ineffective assistance.

By order entered January 3, 2014, the court advised Coates that his motion appeared to be untimely under § 2255(f) and would be summarily dismissed on that ground unless he provided additional information or argument demonstrating that his claims should be addressed on the merits. Coates has responded, asserting that he is entitled to equitable tolling of the statutory filing period because of his ongoing mental health and medical problems.

II

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). If the district court gives the defendant notice that the motion appears to be untimely and allows an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the motion. *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).

Coates' § 2255 motion is clearly untimely under § 2255(f)(1). His conviction became final on July 12, 2011, when his opportunity to file a petition for a writ of certiorari expired. *See Clay v. United States*, 537 U.S. 522, 525 (2003). His one-year filing period under § 2255(f)(1) expired on July 11, 2012. Coates did not file his § 2255 motion until December of 2013, at the earliest, more than a year outside the one-year filing period under § 2255(f)(1).

In his hand-written response to the court's conditional filing order, Coates asserts that he could not file a timely § 2255 motion because prison authorities denied him access to pen, paper, and "legal papers," and denied him access to the courts in unspecified ways. (Mot. of Arg./Evidence 1, ECF No. 91.) These vague and conclusory allegations are insufficient to demonstrate that any "impediment . . . created by governmental action in violation of the Constitution" prevented Coates from preparing an earlier § 2255 motion, and, therefore, I cannot find that his motion is timely under § 2255(f)(2). Coates also fails to demonstrate that his claims are timely under § 2255(f)(3), based on a right newly recognized by United States Supreme Court, or under § 2255(f)(4), based on newly discovered facts.

Finally, Coates has not submitted any ground on which he is entitled to equitable tolling in this case. While the statutory limitations period under § 2255(f) may be tolled for equitable reasons, this remedy is rarely applicable. *See, e.g., United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000) (applying equitable tolling to § 2255 motion). To warrant equitable tolling, the defendant must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (internal quotation marks and citation omitted). Specifically, Coates must show how an exceptional circumstance "beyond his

control or external to his own conduct . . . prevented him from filing on time." *Rouse v. Lee*, 339 F.3d.238, 246 (4th Cir. 2003) (en banc).

Coates asserts, "It IS NOT My fault this motion was filed untimely." (Mot. of Arg./Evidence 1, ECF No. 91.) Coates states that he was on "suicide precautions alot [sic]" and "was sick mentally." (*Id.*) He also claims that he tried to file a § 2255 motion on March 10, 2010, but his trial attorney threw it away, telling him that he "was not allowed to file it." (*Id.*)

A bare assertion that the defendant suffers from some mental impairment, "without more, is insufficient to justify equitable tolling." *Lawrence v. Florida*, 421 F.3d 1221, 1227 (11th Cir. 2005), *aff'd,* 549 U.S. 327 (2007). "As a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity." *United States v. Sosa*, 364 F.3d 507, 513 (4th Cir. 2004). The defendant has the burden of proof and "must make a threshold showing of incompetence and must also demonstrate that the alleged incompetence affected [his] ability to file a timely habeas petition." *McSwain v. Davis,* 287 F. App'x 450, 456 (6th Cir. 2008) (unpublished).

Similarly, proof of an existing mental illness or claims that a defendant is under psychiatric care will not automatically warrant equitable tolling. A defendant must allege facts demonstrating "'a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the

lateness of his filing. . . .'" *Rios v. Mazzuca*, 78 F. App'x 742, 743 (2d Cir. 2003) (unpublished) (quoting *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001)).

While I am not unsympathetic with Coates' mental health issues and tendency toward self-harm, which were discussed at some length during his sentencing hearing, I cannot find that he has carried his burden of showing that a mental health problem or suicide precaution prevented him from filing a timely § 2255 motion so as to warrant equitable tolling. Coates does not allege that he was adjudged mentally incompetent at any time. Nor does he state specific time periods when he was on suicide watch or explain why this status would prevent him from filing a § 2255 motion.

Similarly, Coates does not demonstrate that counsel's alleged action, in throwing away a prior § 2255 motion in 2010, prevented him in any way from rewriting and submitting a timely § 2255 motion. Coates' allegations simply do not show that he was duly diligent in seeking to vindicate his rights under § 2255 or that anything or anyone outside his control prevented him from filing a timely motion. Therefore, I find that he has not demonstrated grounds for equitable tolling.

III

For the stated reasons, I find that Coates has not shown grounds for equitable tolling and his § 2255 motion must be summarily dismissed as untimely filed.

A separate Final Order will be entered herewith.

DATED: February 5, 2014

/s/  James P. Jones
United States District Judge