# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 2:09CR00008 |
| v. | ) **OPINION AND ORDER** |
| | ) |
| CHRISTOPHER ALLEN COATES, | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Christopher Allen Coates, Pro Se Defendant.*

Christopher Allen Coates, proceeding pro se, had filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, and the court had conditionally filed the motion, advised Coates that the motion appeared untimely, and gave him the opportunity to explain why the court should consider the motion timely filed. (ECF No. 90.) On February 5, 2014, I dismissed the motion as untimely filed after reviewing Coates's response. (ECF Nos. 92-93.)

On March 17, 2015, the court received Coates's Motion for Reconsideration of the dismissal of his § 2255 motion. (ECF No. 94.) Coates argues that prison officials in Missouri, where he has been incarcerated, frustrated his access to the prison's mail system and legal and writing materials. Consequently, Coates alleges that he was unable to send additional, "supplemental" evidence to why his § 2255 motion should be considered timely filed and was denied the opportunity to seek a

certificate of appealability. Coates asks me to compel federal prison officials in Missouri to provide discovery related to any seizure of or frustrated access to his property since July 2011 and to appoint counsel "for these proceedings."

Notably, Coates previously had argued that his § 2255 motion should be deemed timely filed due to his poor mental health and because prison officials frustrated access to legal and writing materials. (ECF No. 91.) However, I already had determined that these allegations did not warrant statutory or equitable tolling when I dismissed the § 2255 motion. Furthermore, Coates does not provide the additional, "supplemental" evidence, he does not describe an adequate basis to reconsider the dismissal order, and I already had denied a certificate of appealability. Moreover, the court does not have personal jurisdiction over correctional officials in Missouri, and Coates can pursue legal remedies about access to mail and legal and writing materials via courts in Missouri. Because Coates' § 2255 motion remains dismissed, there is no reason to appoint counsel pursuant to 18 U.S.C. § 3006A.

For these reasons, it is **ORDERED** that the Motion for Reconsideration (ECF No. 94) is DENIED.

ENTER: April 6, 2015

/s/ James P. Jones
United States District Judge